IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-40-D

NAPIER SANDFORD FULLER, )
)
Plaintiff, )
)
v. ) **ORDER**
)
SEAN M. DIXON, et al., )
)
Defendants. )

On March 8, 2021, Napier Sandford Fuller ("Fuller" or "plaintiff"), proceeding pro se, filed a verified complaint alleging claims under 42 U.S.C. § 1983 and state law [D.E. 1].[1] Fuller has filed several motions to amend his complaint [D.E. 6, 7, 9].[2] Fuller also moves to conduct limited discovery to identify John Doe defendants and for an extension of time to effect service [D.E. 8]. As explained below, the court grants the motions in part and directs Fuller to present summonses for issuance.

I.

Fuller's complaint concerns his arrest and warrantless searches of his person and vehicle on February 2, 2017. Fuller names defendants New Hanover County, former deputy sheriff Sean Dixon, and nine other "yet unnamed sheriff's deputies employed by the County of New Hanover[.]" Compl.

---

[1] To the extent Fuller cites the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; or "42 U.S.C. § 1985; 42 U.S.C. § 1986; [or] 42 U.S.C. § 1988(b)" as a legal basis for any of his claims, Fuller has not pleaded any claim under these statutes. Compare Compl. [D.E. 1] 2, 4–6 with id. at 13–21.

[2] The court grants Fuller's motions to amend his complaint to name Dixon as a defendant and to "add[] a claim for nominal damages of $1 to all defendants as an alternative remedy should equitable relief be unfeasible at the court's determination" [D.E. 6, 7].

at 1 & ¶¶ 6, 23–68. Although "Fuller's lawful arrest [was] due to warrants from campus police in Chapel Hill," he was "charged with narcotics possession at the urging of the arresting officers as an 'add on' at their discretion" following an "invasive search of his genital area" which revealed a loose pill in one of his pants pockets. Id. ¶¶ 45, 49–58, 68, 79 & n.2; see Pl.'s Ex. A [D.E. 8-1] (detention order). Fuller alleges that "[t]he police report of the narcotics investigation of Mr. Fuller omi[]tted several key matters that were excul[p]atory[,]" and "the narcotics charges were dropped with pr[eju]dice" on March 8, 2017. Compl. ¶¶ 72, 79; see Pl.'s Ex. B [D.E. 8-2] (case disposition).

Fuller asserts claims under the Fourth Amendment concerning the search of his person and vehicle, his arrest for possession of narcotics, and his prosecution for possession of narcotics. See Compl. at 13–19. Fuller also alleges a section 1983 claim for making false public statements against a deputy who testified at an unrelated court proceeding about the disposition of the narcotics charge. See id. at 17–18. Finally, Fuller alleges state law claims for malicious prosecution and conspiracy, obstruction of justice and conspiracy, and negligence and tortious interference. See id. at 19–21. Fuller seeks declaratory relief, injunctive relief, and nominal damages. See id. at 22; [D.E. 7] 1–2.

In 2020, Fuller filed a complaint with the same factual allegations. See Compl. ¶¶ 113–55, 199–225, Anti-Tranny Pol. Action Comm. v. North Carolina, No. 7:20-CV-28-D (E.D.N.C. Feb. 18, 2020) [D.E. 1]. That complaint also contained claims against dozens of other individuals and entities concerning Fuller's 2016 efforts to "voice[] his concerns about illegal lobbying activities of UNC-CH staff to further LGBT ideologies that he suspected had been undertaken with public funds in the scope of their employment with tacit approval from the UNC-CH administration[.]" Id. ¶ 78. "Instead of investigating Mr. Fuller's concerns and providing the requested public records, UNC-CH Office of Counsel quickly turned the tables[.]" Id. ¶ 97. "On February 1, 2017 upon the approval of UNC-CH Office of Counsel and Orange County prosecutors, Mr. Barbee[, a UNC-CH police

2

officer,] issued two warrants for Mr. Fuller's arrest for 'harassing communications.'" Id. ¶¶ 33, 110. That arrest occurred on February 2, 2017. Compare id. ¶¶ 101, 113, 133 with Compl. ¶¶ 23, 42, 45 & n.2.

Fuller moves "to re-file and/ or expand the scope of the unresolved claims from initial Fuller v. State, 7:20-cv-0028-D, which was dismissed without prejudice on 28 May 2021 to refile. Specifically, Plaintiff wishes to pursue § 1983 claims against UNC employees involved in Terri Phoenix's false claims of cyberstalking: the criminal case was resolved in Plaintiff's favor." [D.E. 9] 1; see [D.E. 8-4] (copy of notice of voluntary dismissal).

Fuller's motion implicates Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides that

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not authorize a plaintiff to join multiple defendants in a single lawsuit when the plaintiff's claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997). "Rule 20 gives courts wide discretion concerning the permissive joinder of parties," and if joinder "will result in prejudice, expense, or delay[,]" the court has discretion to deny joinder. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (internal quotation and citation omitted); see Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (per curiam).

Joinder of Fuller's slightly overlapping but ultimately unrelated claims will result in substantial delay. Thus, the court denies the motion.

Fuller moves "(i) to conduct limited expedited discovery to identify and to serve the 'Doe' defendants, (ii) to extend the time for service of those defendants, (iii) and to enjoin New Hanover

3

County and all persons acting on its behalf, from destroying or disposing of any and all evidence that may be needed in discovery until a final judgment in this action has been reached." [D.E. 8] 1 (footnote omitted). The Federal Rules of Civil Procedure allow parties to engage in discovery only after they have conferred in accordance with Rule 26(f) "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The rules do not address when a court should order expedited discovery, and "courts have been unable to settle upon a uniform standard." Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC, No. 5:15-CV-115-BR, 2015 WL 1260017.5, at *3 (E.D.N.C. June 30, 2015) (unpublished); see L'Occitane, Inc. v. Trans Source Logistics, Inc., No. WMN-09-CV-2499, 2009 WL 3746690, at *1–2 (D. Md. Nov. 2, 2009) (unpublished); Dimension Data N. Am., Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005).

When evaluating requests for expedited discovery, "district courts in the Fourth Circuit have followed two approaches: one looks to the reasonableness of the request, taking into account the totality of the circumstances, and the other follows a modified form of the preliminary injunction test." Lewis v. Alamance Cnty. Dep't of Soc. Servs., No. 1:15CV298, 2015 WL 2124211, at *1 (M.D.N.C. May 6, 2015) (unpublished); see ForceX, Inc. v. Tech. Fusion, LLC, No. 4:11cv88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011) (unpublished).

Courts in this district generally have opted to follow the reasonableness inquiry, guided by whether the moving party shows good cause. See, e.g., Chryso, 2015 WL 12600175, at *3; Me2 Prods., Inc. v. Does 1–16, No. 4:16-CV-279-FL, 2016 WL 7017268, at *1 (E.D.N.C. Dec. 1, 2016) (unpublished). This inquiry considers four factors:

> (1) the procedural posture of the case; (2) whether the discovery at issue is narrowly tailored to obtain information that is probative . . . ; (3) whether the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference; and (4) whether the documents or information sought through

4

discovery will be unavailable in the future or are subject to destruction.

Chryso, 2015 WL 12600175, at *3; see Me2 Prods., Inc., 2016 WL 7017268, at *1.

Fuller has not explained why he has not obtained the names of the John Doe defendants in the four-and-a-half years following his arrest through a simple public records request. Cf. Washington v. Correia, 546 F. App'x 786, 788 (10th Cir. 2013) (unpublished); Imani v. City of Baton Rouge, CV No. 17-439-JWD-EWD, 2017 WL 3142473, at *2–3 (M.D. La. July 25, 2017) (unpublished); Skout, Inc. v. Jen Processing, Ltd., No. 14-cv-02341-JSC, 2014 WL 3897166, at *3 (N.D. Cal. Aug. 7, 2014) (unpublished). Moreover, Fuller seems to know the last names of three other officers who were involved in his arrest. See Compl. ¶ 6. Thus, the court dismisses Fuller's claims against the John Doe defendants without prejudice.

II.

In sum, the court GRANTS IN PART plaintiff's motions to amend to name Dixon as a defendant and to add a request for nominal damages of $1 [D.E. 6, 7], and DIRECTS the clerk to amend the docket to include Dixon's name. The court DENIES plaintiff's motion "to re-file and/ or expand the scope of the unresolved claims from initial Fuller v. State, 7:20-cv-0028-D" [D.E. 9]. The court DENIES plaintiff's motion for expedited discovery [D.E. 8], and DISMISSES plaintiff's claims against the John Doe defendants without prejudice. Plaintiff's claims against defendants Dixon and New Hanover County remain, and plaintiff shall have until September 17, 2021 to present summonses to the clerk for issuance.

SO ORDERED. This 31 day of August, 2021.

JAMES C. DEVER III
United States District Judge