NAPIER SANDFORD FULLER, )
)
Plaintiff, )
)
v. ) **ORDER**
)
SEAN M. DIXON, et al., )
)
Defendants. )

On March 8, 2021, Napier Sandford Fuller ("Fuller" or "plaintiff"), proceeding pro se, filed a verified complaint alleging claims under 42 U.S.C. § 1983 and state law [D.E. 1]. On August 31, 2021, the court granted in part Fuller's motions to amend, allowing Fuller to name Dixon as a defendant and to add a request for nominal damages, denied Fuller's motion for expedited discovery, dismissed Fuller's claims against the John Doe defendants without prejudice, and directed Fuller to present summonses for issuance. See [D.E. 10]. On October 29, 2021, Fuller filed an amended complaint [D.E. 13] and presented summonses to the clerk for issuance [D.E. 14].

On August 11, 2022, the court denied plaintiff's motions, granted in part the remaining defendants' motions to dismiss, dismissed plaintiff's federal claims, and declined to exercise supplemental jurisdiction over plaintiff's state-law claims and dismissed those claims without prejudice. See [D.E. 38]. On the same date, the clerk entered judgment [D.E. 39]. Fuller moves for reconsideration [D.E. 40],[1] to compel discovery of "the full names, rank, and last known address for

---

[1] Although Fuller labels the motion as one for "clarification of a judgment[,]" he cites Federal Rule of Civil Procedure 60(b) and filed the motion twelve days after entry of judgment. See Mot. [D.E. 40] 1. Accordingly, the court construes the motion as seeking relief from the judgment under Rule 59(e). See Fed. R. Civ. P. 59(e); Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 411–12

all law enforcement officers present at Plaintiff's arrest" in order "to facilitate the transfer of two common law claims ... to the Superior Court of North Carolina" [D.E. 41], and for an extension of time to file an appeal [D.E. 42]. Defendants have responded in opposition to the motion to compel [D.E. 43].

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the trial court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 650 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Although Rule 59(e) does not specify a standard for granting a motion to alter or amend, the Fourth Circuit recognizes only three reasons for granting a motion under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Fuller has not shown an intervening change in controlling law, any new evidence that reliably counsels the court to amend or alter its judgment, or that the court committed a clear error of law or manifest injustice. To the extent Fuller seeks "clarification" of certain legal effects of the judgment, the court cannot provide legal advice to litigants. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 243 (3d Cir. 2013). Accordingly, the court denies the motion for reconsideration. The court denies Fuller's motion for discovery. As the court previously explained to Fuller, he can obtain this

---

(4th Cir. 2010); Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996); Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

2

information through a public records request. See [D.E. 10] 5. Finally, the court denies Fuller's motion for an extension of time to appeal without prejudice because his time for filing any such appeal runs from the entry of this order. See Fed. R. App. P. 4(a)(4)(A)(iv).

In sum, the court DENIES plaintiff's motions [D.E. 40–42].

SO ORDERED. This 28 day of October, 2022.

JAMES C. DEVER III
United States District Judge